**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| RUBEN FEBRONIO MARTINEZ, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SHERIFF JOE LEE BACA, ) <br> ) <br> Respondent. ) <br> _____ ) | Case No. CV 09-3310-JSL (MLG) <br><br> ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE REMEDIES |

Petitioner filed this petition for writ of habeas corpus on May 11, 2009. The petition challenges Petitioner's unidentified convictions in the Los Angeles County Superior Court on April 3, 2009. It does not appear that Petitioner has been sentenced in the state court or that he has exhausted any state appellate remedies. Petitioner claims that he was denied his right to a speedy trial under California court rules, was denied discovery, had his character assailed at trial, and was denied the effective assistance of counsel.

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies as to all of the claims in the petition. 28 U.S.C. § 2254(b)-(c), *Cook v. Schiro*, 516 F.3d 802, 826

(9th Cir. 2008). The exhaustion requirement "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001)). Each federal constitutional claim must be presented to the state supreme court even if that court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667-68 (9th Cir. 2005). Such a requirement affords state courts an opportunity to consider and correct any violation of federal law, thus demonstrating respect for our dual judicial system while also providing a complete record of a petitioner's federal claim as litigated in the state system. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Because Petitioner has not even been sentenced, he did not present any of the claims presented in this petition to the California Supreme Court. The petition is therefore unexhausted and subject to dismissal. However, Petitioner will be given the opportunity to demonstrate how and why this matter is ripe for decision in this Court. Accordingly, it is ORDERED the petitioner show cause, on or before May 29, 2009, why this petition should not be dismissed without prejudice for failure to exhaust state remedies.

//
//
//
//
//

**If petitioner does not file a timely response to this order, the current petition will be subject to dismissal without prejudice and without further notice.**

Dated: May 13, 2009

_____
Marc L. Goldman
United States Magistrate Judge